UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH LANDIX, et al.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-62** |
| **JAMES NORMAN, et al.**<br>    **Defendants** | **Section "E"** |

**ORDER**

Before the Court is Plaintiffs' motion to remand for want of complete diversity, which Defendants oppose on the grounds that (1) the petition had not yet been amended to add the non-diverse Defendants at the time of removal and (2) the non-diverse Defendants were fraudulently joined.

Removal did not become effective until Defendants "fil[ed] a copy of the notice of removal in the state court." *Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir. 1996); *see* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of [the] State court, *which shall effect the removal.*" (emphasis added)). This occurred after Plaintiffs filed their amended complaint, which, because it was filed before Defendants answered their original complaint, took immediate effect. *See* La. Code Civ. P. art. 1151 ("A plaintiff may amend his petition without leave of court at any time before the answer thereto is served.").[1]  The fact that the Plaintiffs

---

[1]  Louisiana Revised Statute 13:850 requires a party filing by fax, as the parties did, to tender the original signed document and fees within seven days after faxing it or "the facsimile filing shall have no force or effect." La.

attached a superfluous order does not change the date of filing. Accordingly, the non-diverse Defendants were parties to the state court proceeding at the time removal became effective.[2]

Joinder of at least one non-diverse defendant was not fraudulent. While Defendants are correct that the City of New Orleans has no duty to erect signs absent a voluntary undertaking, *see, e.g.*, *Williams v. Peterson*, 551 So. 2d 37, 39 (La. Ct. App. 1989), Plaintiffs allege that the City did voluntarily undertake to post a sign and did so in an incompetent manner by failing to maintain it.[3] That may be sufficient to establish liability under Louisiana law. *See, e.g.*, *Adamski v. Burdell*, 363 So. 2d 1316, 1320 (La. Ct. App. 1978) ('The City has no duty to erect signs or other traffic controls, but once it has undertaken such a duty and erected a traffic control, it has assumed the duty to maintain such control

---

Rev. Stat. 13:850(B)–(C). Whether this occurred does not appear in the record. If Defendants wished to make an argument along these lines, then they, as the removing party, had the burden to produce evidence that Plaintiffs did not comply with the statute.

[2] Even if this were not the case, the Court would be inclined to grant Plaintiffs' alternative request for leave to amend their complaint because, as explained below, it is conceivable that they could recover against at least one of the non-diverse Defendants and they were not dilatory in asking for amendment in this Court. *See* 28 U.S.C. § 1447(e); *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013).

[3] R. Doc. No. 14, p. 6 ("As shown in the attached photographs, the block where the accident took place was a 'no parking' zone. There was a sign indicating this at the far end of the block, too distant for Plaintiffs to read, but the sign(s) that should have given the same indication at the near end of that block was missing. As the attached photographs show by the yellow rings, there was a pole or poles where the 'no parking' sign should have been, where the City of New Orleans had undertaken to have the sign in place, but the sign was not on the pole." (footnote omitted)). This allegation is fairly contained within paragraph VII(c)-(f) of Plaintiffs' amended complaint.

and may be held liable for its failure to do so.").

Accordingly, Plaintiffs' motion to remand is **GRANTED**.[4]


**New Orleans, Louisiana, this 14th day of August, 2013.**

                              _____
                                  **SUSIE MORGAN**
                        **UNITED STATES DISTRICT JUDGE**

---

[4] R. Doc. No. 8.